# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00124-CV

Horatio Hoss Castillo, Appellant

v.

Texas Board of Professional Engineers, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-09-003047, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Horatio "Hoss" Castillo appeals from the district court's grant of the plea to the jurisdiction filed by the Texas Board of Professional Engineers in Castillo's suit for judicial review of a Board order suspending Castillo's engineering license and imposing administrative penalties. In its plea to the jurisdiction, the Board asserted that Castillo's petition was untimely under section 2001.176(a) of the Texas Administrative Procedure Act (APA). *See* Tex. Gov't Code Ann. § 2001.176(a) (West 2008). In a single issue, Castillo complains that the district court erred in granting the Board's plea to the jurisdiction because the Board's order was untimely under section 2001.143 of the APA and was therefore a void order that could not become the Board's final order under section 2001.144 of the APA so as to trigger the timetable for Castillo's appeal. *See id.* §§ 2001.143-.144 (West 2008). Because we find no error in the district court's order granting the plea to the jurisdiction, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Castillo was retained by Kenedy County as the engineer for two public works projects. After the projects were completed, the Board received a complaint, initiated an investigation, and bought an enforcement action against Castillo alleging violations of the Texas Occupational Code and the Texas Administrative Code. *See* Tex. Occ. Code Ann. § 1001.452 (West 2004); 22 Tex. Admin. Code §§ 137.57, .63(b)(4), (5) (2010) (Tex. Bd. of Prof'l Eng'rs, Compliance and Professionalism). Castillo disputed the charges and, following a contested case hearing in September 2008, an administrative law judge issued a proposal for decision that included a finding that Castillo's license should be suspended for three years, with the last two years probated.

Following its consideration of the proposal for decision on February 26, 2009, the Board issued an order suspending Castillo's license for five years, with the last two years probated, assessing administrative penalties in the amount of $30,000, and requiring Castillo to successfully complete two engineering ethics courses at Texas Tech University. Castillo filed a timely motion for rehearing, which the Board granted. In addition, Castillo and the Board entered into a written agreement that "the Board shall issue its final order in this case no later than June 25, 2009." The Board reheard Castillo's case on June 18, 2009, and on June 29, 2009, issued a "Revised Final Order" containing the same key provisions as its original order.

Castillo filed a second motion for rehearing, which the Board denied on August 5, 2009. On September 10, 2009, Castillo filed suit in Travis County district court[1] seeking

---

[1] The Administrative Procedure Act provides that petitions for judicial review must be filed in Travis County district court unless otherwise provided by statute. *See* Tex. Gov't Code Ann. § 2001.176(b)(1) (West 2008).

judicial review of the Board's revised final order and arguing, among other things, that the Board's revised final order was untimely and void. The Board filed a plea to the jurisdiction, contending that the district court lacked jurisdiction because Castillo had not filed his petition within thirty days of the Board's order becoming final as required by section 2001.176(a) of the APA. *See* Tex. Gov't Code Ann. § 2001.176(a). The district court granted the Board's plea to the jurisdiction. This appeal followed.

## ANALYSIS

### Standard of Review

We review a trial court's ruling on a plea to the jurisdiction *de novo*. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). "In an appeal from a plea to the jurisdiction, we 'review the face of appellants' pleadings to determine whether they show a lack of jurisdiction or whether the pleadings, if liberally construed, favor[] jurisdiction.'" *University Interscholastic League v. Southwest Officials Ass'n*, 319 S.W.3d 952, 956 (Tex. App.—Austin 2010, no pet.) (quoting *Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 855 (Tex. App.—Austin 2004, no pet.)). If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *Id.* at 227.

Because Castillo challenges the district court's application of provisions of the APA, his issue involves matters of statutory construction, which we also review *de novo*. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). Our primary objective is to give effect to the legislature's intent as expressed in the statute's language. *See* Tex. Gov't Code Ann. § 312.005 (West 2005); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We rely on the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). We determine legislative intent from the entire act, not from isolated portions. *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008). We construe statutes waiving sovereign and governmental immunity strictly. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). "[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (West Supp. 2010).

**Timeliness of Castillo's Petition for Judicial Review**

We first consider the timeliness of Castillo's petition for judicial review under section 2001.176(a) of the APA. Unless otherwise provided, the APA's contested case and judicial review procedures apply to agency proceedings. *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 563 (Tex. App.—Austin 2008, pet. denied); *see also* Tex. Gov't Code Ann. §§ 2001.051-.178 (governing procedures for and judicial review of contested cases), 2001.221-.226 ("Exceptions") (State Board of Professional Engineers not excepted from application of APA) (West 2008 & Supp. 2010). The APA provides that a petition for judicial review of an agency decision in a

4

contested case must be filed no later than 30 days after the date the decision becomes final. *See* Tex. Gov't Code Ann. § 2001.176(a).

In suits against governmental entities, a timely filed petition for judicial review is a statutory prerequisite to suit, so that failure to comply deprives the district court of jurisdiction to review the agency decision. Section 311.034 of the Code Construction Act provides that "[s]tatutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity." *Id.* § 311.034. The legislature added this language to section 311.034 in 2005. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783. The legislative history of this amendment reflects that the legislature wanted to "make it clear that the decision to waive sovereign immunity rests with the Legislature and that a court does not have jurisdiction over a case if a plaintiff has not met the statutory prerequisites for a waiver." *See* House Research Organization, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005) ("HRO, Bill Analysis, H.B. 2988, 2005"). The legislative history further reflects the legislative intent that "a court would be required, due to lack of jurisdiction, to dismiss any case for which the plaintiff had not met statutory requirements." *Id.*

Under the APA, if a timely motion for rehearing is filed, an agency decision becomes final and appealable on the date the order overruling the motion is rendered. *See* Tex. Gov't Code Ann. § 2001.144(a)(2)(A). The record in this case shows that the Board's order became final and appealable when the Board overruled Castillo's second motion for rehearing on August 5, 2009. The record further shows that Castillo filed his petition in the district court on September 9, 2009. Thus, it is clear from the record that Castillo did not file his petition for review within 30 days of the board's order becoming final, as required by section 2001.176(a) of the APA. *See id.* § 2001.176(a).

**Timeliness of Board Order**

Although it is clear from the record, and Castillo does not dispute, that he did not file his petition in the district court within 30 days of the Board's denial of his second motion for rehearing, Castillo nevertheless contends that his petition was timely. Specifically, he argues that the thirty-day period for seeking judicial review under section 2001.176(a) of the APA does not apply in this case because the Board's revised final order was untimely. Under section 2001.143(a) of the APA, "[a] decision or order . . . in a contested case must be rendered not later than the 60th day after the date on which the hearing is finally closed." *Id.* § 2001.143(a). The sixty-day time limit for rendering the order may be modified by the parties pursuant to section 2001.147 of the APA. *Id.* § 2001.147. In this case, the record shows that the parties entered into a written agreement modifying and extending the section 2001.143(a) time limit to June 25, 2009. *See id.* §§ 2001.143(a), .147. The record also shows that the Board did not sign the order until June 29, 2009, four days past the date specified in the parties' written agreement.

Castillo argues that because the Board did not issue the order by the date recited in the parties' written agreement, the order was untimely under section 2001.143 and therefore void. Because it was void, Castillo asserts, the Board's order was not eligible to become a final decision under section 2001.144. *See id.* § 2001.144(a)(2)(A). Castillo further argues that, in the absence of a final order, the thirty-day time period for filing a petition for review under section 2001.176(a) was not triggered, his petition was not untimely, and there was no ground for the district court to grant the Board's plea to the jurisdiction.

As a predicate to his argument, Castillo contends that the parties' written agreement, entitled "Rule 11 Agreement," is an agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure and is therefore enforceable against the Board. *See* Tex. R. Civ. P. 11; *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845-46 (Tex. 2008) (parties' discovery agreement complying with Rule 11 enforceable). However, at the time the parties entered into the agreement, there was no case pending before the district court. Rule 11 is applicable only to agreements made during the course of pending litigation. *See* Tex. R. Civ. P. 11 ("[N]o agreement between attorneys or parties *touching any suit pending* will be enforced unless [certain conditions are met.]") (emphasis added); *see also Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984) ("The rule has been held applicable to a wide variety of agreements *concerning lawsuits . . . .*") (emphasis added). Because the parties entered into the agreement during the course of the administrative proceeding, it was governed by the provisions of the APA, not by the rules of civil procedure. Thus, we conclude that the parties' "Rule 11 Agreement" was, in fact, an agreement pursuant to section 2001.147 of the APA to modify the time limit set forth in section 2001.143(a). *See* Tex. Gov't Code Ann. §§ 2001.143(a), .147.

We turn, then, to the interplay between sections 2001.143(a) and 2001.147. The law is settled that the sixty-day time limit under section 2001.143(a) for an agency to render its order is directory, not mandatory, and an agency's failure to render its decision in the statutory time period does not make the order void. *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 362 (Tex. 1983) (construing statutory predecessor to section 2001.143(a) containing comparable language); *Marble Falls Indep. Sch. Dist.*, 275 S.W.3d at 563 (sixty-day provision of section 2001.143(a) directory, not mandatory). The pivotal inquiry before us, then, is whether the

parties' agreement under section 2001.147 creates a mandatory time limit, while the time limit of section 2001.143(a) is directory only. We conclude that it does not.

In reaching its determination that section 2001.143(a) is directory rather than mandatory, the supreme court observed that the purpose of the sixty-day provision is "to promote the proper, orderly, and prompt conduct of business by the agency," and it is "not intended to fix a time limitation upon the power of administrative agencies to render decisions after expiration of the sixty days mentioned." *Suburban Util.*, 652 S.W.2d at 362 (citing *Railroad Comm'n v. City of Fort Worth*, 576 S.W.2d 899 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.)). The supreme court further noted that if a "'provision direct[s] doing of a thing in a certain time without any negative words restraining it afterwards, the provision as to time is usually directory.'" *Id.* (quoting *Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976)).

We find this analysis to be equally applicable when the prescribed time limit of section 2001.143(a) is modified by an agreement under section 2001.147. The modified time limit agreed to by the parties in accordance with section 2001.147 is still a time limit pursuant to section 2001.143(a). Significantly, Castillo contends that the Board's order was untimely *under section 2001.143*. Further, the fact that the time limit has been modified does not alter the original purpose behind the creation of the time limit. The directory time limit in section 2001.143(a), included for the purpose of promoting the prompt and orderly conduct of agency business, *see id.*, affects only the administrative process within the agency, and modifying it does not alter that.[2] We

---

[2] Castillo argues that the Board attaches significance to agency agreements with parties as shown by its determination that there is a public benefit from such agreements. The "public benefit" cited by the Board, however, is "better coordination of the presentation of proposed

8

also note that any delay caused by the Board's failure to issue the order by the date specified in the agreement did not deprive Castillo of his right to appeal or otherwise affect his substantive rights. *See Suburban Util.*, 652 S.W.2d at 362; *Texas Dep't of Public Safety v. Repschleger*, 951 S.W.2d 932, 934-35 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Moreover, as in section 2001.143(a), there are no negative words of restraint or noncompliance penalties in section 2001.147 for the agency's failure to comply with the modified time limit. *See* Tex. Gov't Code Ann. § 2001.147; *Suburban Util.*, 652 S.W.2d at 362. For section 2001.147 to make the modified time period mandatory, it would have to evince an intent to restrict the agency after the expiration of the time period, or state some legal consequence for the failure to render a decision within the time limit. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976). Section 2001.147 clearly does not do so. *See* Tex. Gov't Code Ann. § 2001.147.

In contrast, once a dispute moves beyond the administrative process, the time limit in section 2001.176(a) for filing a petition for review is a statutory prerequisite, and failure to comply with that prerequisite deprives the district court of jurisdiction to hear the appeal. *See* Tex. Gov't Code Ann. § 311.034; HRO, Bill Analysis, H.B.2988, 2005. The Board's delay in issuing its order

---

decisions in contested cases at the regularly scheduled quarterly meetings of the Board." 34 Tex. Reg. 4620 (July 10, 2009) (hearing on proposed rule authorizing Board's executive director to enter into agreements for the extension of time permitted by section 2001.147 of the Administrative Procedure Act). *See* Tex. Gov't Code Ann. § 2001.147 (West 2008); 22 Tex. Admin. Code § 139.63 (2010) (Tex. Bd. of Prof'l Eng'rs, Enforcement). Thus, the Board's view of the purpose of agreements under section 2001.147 as facilitating the coordination of the presentation of decisions is consistent with the supreme court's interpretation of section 2001.143(a) as intended to promote the prompt and orderly conduct of agency business, not to prescribe a mandatory deadline. *See Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 362 (Tex. 1983) (construing statutory predecessor to section 2001.147 containing comparable language); Tex. Gov't Code Ann. § 2001.143(a) (West 2008), § 2001.147.

did not render it void, *see Suburban Util.*, 652 S.W.2d at 362, and once the Board denied Castillo's second motion for rehearing, the order became final, and Castillo had 30 days to file his petition for review with the district court. *See* Tex. Gov't Code Ann. §§ 2001.144(a)(2)(A), .176(a). Because he failed to do so, the district court had no jurisdiction to hear his appeal, and the district court's grant of the Board's plea to the jurisdiction was proper. We overrule Castillo's issue.

## CONCLUSION

Having overruled Castillo's single issue, we affirm the order of the district court.

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Affirmed

Filed:   December 14, 2010